UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LENORA A. MARK,

                Plaintiff,

    -vs-                            **No. 1:14-CV-01071 (MAT)**
                                       **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I.    Introduction

Represented by counsel, plaintiff Lenora A. Mark ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

### A. Plaintiff's Prior SSI Applications

Prior to filing the application for SSI at issue in the instant manner, plaintiff protectively filed an application for SSI on June 10, 2009. Administrative Transcript ("T.") 14. Plaintiff's application was denied on September 18, 2009, and no further appeal was taken. *Id*.

Plaintiff protectively filed a second application for SSI on March 26, 2010. *Id*. That claim was also denied, and plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on August 31, 2011. *Id*. In a decision dated September 22, 2011, ALJ Eric L. Glazer found that plaintiff was disabled beginning December 4, 2008, and that her disability had ended on November 13, 2010, due to medical improvement. *Id*. No further appeal of this decision was taken. *Id*.

### B. The Current Application

Plaintiff protectively filed an application for SSI on January 26, 2012, which was initially denied. T. 108, 168-74. At plaintiff's request, a hearing was held before ALJ Robert T. Harvey on May 7, 2013. T. 29-60. In a decision dated May 15, 2013, ALJ Harvey found that plaintiff was not disabled as defined in the Act and denied her claim. T. 11-28. On October 20, 2014, the Appeals Council issued an order denying plaintiff's request for review,

thereby rendering the ALJ's decision the Commissioner's final determination. T. 1-5. Plaintiff subsequently filed this action.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 26, 2012, the alleged onset date. T. 16. At step two, the ALJ found that plaintiff suffered from the severe impairments of reflux disease, panic disorder, and depressive disorder, and the non-severe impairments of diabetes mellitus and hypertension. T. 17. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform "all exertional activities consistent with the broad world of work," including "skilled and semi-skilled work as well as unskilled work." T. 19. The ALJ found that plaintiff had the following limitations: cannot work in areas with unprotected heights or around heavy, moving, or dangerous machinery; cannot climb ropes, ladders, or scaffolds; has occasional limitations in dealing with stress. *Id*.

At step four, the ALJ found that if plaintiff had no past relevant work. T. 23. At step five, the ALJ concluded that,

considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform. *Id*. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A. The ALJ's RFC Finding is not Supported by Substantial Evidence**

Plaintiff first argues that the ALJ's RFC finding is not supported by substantial evidence because (1) the opinion of state review psychologist Dr. Suzanne K. Castro, to which the ALJ afforded "great weight" (T. 21), did not consider plaintiff's most recent psychiatric records and (2) the ALJ failed to explain why he accepted portions of Dr. Castro's opinion and rejected others. For the reasons discussed below, the Court agrees that Dr. Castro's opinion did not constitute substantial evidence in support of the ALJ's RFC finding.

A Social Security claimant's RFC "is the most [she] can still do despite [her] limitations[,]" 20 C.F.R. § 416.945(a)(1), and is determined based upon consideration of "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain and other limitations. *Id*. § 416.945(a)(3). In formulating an RFC, the ALJ may rely on the opinions issued by state agency doctors, but the weight they can be given depends in large part on the completeness of the medical record before them:

> [T]he opinions of State agency medical and psychological consultants ... can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist.

SSR 96–6p. Importantly, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Jones v. Comm'r of Soc. Sec*., 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing

5

date and did not account for her deteriorating condition); *Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery).

Here, the record shows that plaintiff experienced a traumatic event on April 10, 2012, when she witnessed her six year old grandson being seriously burned in a fire. T. 228. The child spent a month in the hospital before dying from his injuries. T. 504. This event caused a serious deterioration in plaintiff's condition, as noted by her mental health providers, resulting in increased depression and anxiety, crying spells, sleep problems, panic attacks, paranoia, loss of interest, social withdrawal, feelings of guilt, flashbacks, and avoidance of things that stimulated memories of the trauma. T. 508. However, Dr. Castro's did not review plaintiff's medical records subsequent to this event (*see* T. 28, 345), thereby rendering her opinion stale and based on an incomplete record. Accordingly, it was improper for the ALJ to afford great weight to Dr. Castro's opinion, and his RFC finding is thus not based on substantial evidence. *See Girolamo*, 2014 WL 2207993 at *8.

The Court notes that plaintiff has argued that this matter should be remanded solely for the calculation of benefits. The Court disagrees. Remand for calculation of benefits is appropriate only where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999). In this case, the

record contains no medical source opinion regarding plaintiff's mental RFC following the death of her grandson. It is not properly the role of this Court to examine the raw medical evidence of record and render an opinion as to disability. Instead, the matter must be remanded, and the record must be developed regarding plaintiff's functioning post-April 2012.

> **B. On Remand, the ALJ Should Consider, in Light of the Record as a Whole, Whether Additional Evidence is Needed Regarding Plaintiff's Physical Limitations**

Plaintiff also argues that the ALJ failed to properly develop the record regarding her physical limitations, particularly by failing to request an opinion from a treating physician. Because the Court has already determined that remand is necessary, it need not and does reach this issue. On remand, the ALJ should review the record as a whole and determine whether additional evidence is needed regarding plaintiff's physical limitations. In particular, the ALJ is encouraged to consider whether additional evidence regarding plaintiff's August 16, 2012 functional capacity evaluation should be obtained.

> **C. On Remand, the ALJ Should Consider, in Light of the Record as Whole, How Plaintiff's Limitations in Dealing with Stress Impact her Ability to Work**

The final argument plaintiff makes is that the ALJ erred in finding that plaintiff has occasional limitations in dealing with stress, but failing to detail what specific work-related restrictions (*i.e.* limits on interactions with others or ability to make decisions) would result from those limitations. "Because stress is highly individualized, mentally impaired individuals may

have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." *Haymond v. Colvin*, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014)(quotations omitted). Here, the Court agrees with plaintiff that the ALJ's decision fails to adequately detail the implications of plaintiff's limitations in dealing with stress. In particular, the Court notes that the ALJ's decision is devoid of any discussion of what stress-related triggers plaintiff must avoid or of the nature of plaintiff's stress-related limitations. On remand, the ALJ is instructed, in light of the record as a whole, to make appropriate findings regarding plaintiff's stress-related limitations.

V. **Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings(Docket No. 15) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 18) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   August 8, 2017
         Rochester, New York.